UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SATNAM S. RANDHAWA,

                Petitioner,

   v.

OLGA SHKARINA,

                Respondent.

CASE NO. 3:24-cv-05993-RSM-GJL

REPORT AND RECOMMENDATION

Noting Date: January 24, 2025

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Satnam S. Randhawa Petitioner, proceeding *pro se*, has filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Dkt. 3), a Proposed habeas Petition (Dkt. 3-1), and a Proposed Motion for an extension of time to file an opening brief (Dkt. 3-2).

After careful review of the Proposed Petition, supporting materials, governing law and the balance of the record, it is clear Petitioner is not entitled to habeas relief in this Court as his habeas claim does not allege any violation of federal constitutional rights. Accordingly, the undersigned **DECLINES** to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules"), recommends the Proposed Petition (Dkt. 3-1) be

**DISMISSED without prejudice**, and further recommends the IFP Motion (Dkt. 3) and the Motion for an extension (Dkt. 3-2) be **DENIED as moot**.

## I. BACKGROUND

Petitioner is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington ("WSP"). Petitioner has filed what he terms as a Motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, construed here by the Court as a federal habeas petition under 28 U.S.C. § 2254, as it seeks collateral review of a state court decision.[1] In his Petition, Petitioner challenges a decision of the Pierce County Superior Court which denied Petitioner's Motion for contact with his child by way of visitation at WSP. Dkt. 3-1. Specifically, Petitioner claims that, in March 2023, a bench trial was held in the Pierce County Court to establish a parenting plan between Petitioner and his child, A.R.. *Id*. at 2. The trial court ultimately ruled that, in the child's best interest, Petitioner was to have no contact with A.R.. *Id*. Petitioner sought review of the decision in the state appellate courts, but his appeals were denied. *Id*. at 3.

After denial of his appeals, Petitioner filed the instant action. Dkt. 3. In the Petition, Petitioner asks the Court to vacate the state court judgment and order a new trial on the parenting plan. Dkt. 3-1 at 13. The Court now screens his Proposed Petition to determine whether ordering service upon Respondent is appropriate.

## II. LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before

---

[1] Petitioner filed his IFP Application on the Court's form "Declaration and Application to Proceed *In Forma Pauperis* in a Federal Habeas Action," which instructs the filer "DO NOT use this form if you are bringing a civil action." *See* Dkt. 3 at 1.

REPORT AND RECOMMENDATION - 2

the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

### III.   DISCUSSION

**A.    Failure to Clearly Allege Any Violation of Federal Constitutional Rights**

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(c)(3). More specifically, a Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of *federal* law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1). Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1983)). Here, Petitioner presents in his Proposed Petition only an issue concerning his visitation rights with his child at WSP. Such a claim does not implicate a violation of federal law and therefore is not cognizable in a federal habeas action.

Further, a § 2254 petition is the exclusive federal remedy for state prisoners challenging the fact or duration of their imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973);

REPORT AND RECOMMENDATION - 3

1 *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) ("the writ of habeas corpus is limited to
2 attacks upon the legality or duration of confinement"). Here, because Petitioner does not
3 challenge the validity of his underlying state court judgment or sentence, a § 2254 habeas
4 petition is not the appropriate means to obtain the relief he asks the Court to grant.

5 **B.    Failure to Name Proper Respondent**

6 The Court also notes that "[t]he proper respondent in a federal habeas corpus petition is
7 the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th
8 Cir. 1992) (citation omitted); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (proper
9 respondent to a habeas petition is "the person who has custody over the petitioner," and who has
10 "the ability to produce the prisoner's body before the habeas court"); Rule 2(a) of Habeas Rules
11 ("the petition must name as respondent the state officer who has custody").

12 Here, Petitioner names as Respondent Olga Shkarina, who appears to be the mother of
13 Petitioner's child.[2] *See* Dkt. 3-1 at 6. As such, this Respondent is not a proper respondent in a
14 habeas action brought pursuant to 28 U.S.C. § 2254.

15 **IV.    CERTIFICATE OF APPEALABILITY**

16 Because the Proposed Petition is treated as one seeking post-conviction relief under 28
17 U.S.C. § 2254, Petitioner may only appeal the dismissal of his federal habeas petition after
18 obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c).
19 "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial
20 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this
21 standard "by demonstrating that jurists of reason could disagree with the district court's

---

[2] The Washington Department of Corrections' website confirms that the current Superintendent of WSP is Rob Jackson. *See* Washington State Penitentiary (WSP) | Washington State Department of Corrections (last accessed Jan. 7, 2025); Fed. R. Evid. 201.

REPORT AND RECOMMENDATION - 4

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate that the Proposed Petition does not allege any violation of federal constitutional rights. As a result, Petitioner is not entitled to a certificate of appealability with respect to his Proposed Petition.

### V.    CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is not entitled to habeas relief as the Proposed Petition does not allege any violation of federal constitutional rights. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the Proposed Petition and, instead, recommends this action be **DISMISSED without prejudice**, the IFP Motion (Dkt. 3) and Proposed Motion for extension (Dkt. 3-2) be **DENIED as moot**, and a certificate of appealability be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

//

//

REPORT AND RECOMMENDATION - 5

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 24, 2025**, as noted in the caption.

Dated this 10th day of January, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6